Peelle, J.,
delivered the opinion of the court:
The claimant herein is a second lieutenant in the Revenue-Cutter Service. By section 3 of the act of April 12, 1902 (32: Stat. L., 100), the compensation of officers in the Revenue-Cutter Service is “ the same pay and allowances, except forage, as are iioav or may hereafter be provided by law for officers of corresponding rank in the Army, including longevity pay.”
The pay of officers of the Army is fixed by Revised Statutes, section 1261, and that of a first lieutenant not mounted,, which corresponds to a second lieutenant in the Revenue-Cutter Service, is $1,500 per annum.
The claimant contends that as his pay and allowances are-the same as officers in the Army of corresponding rank, therefore he is entitled, under the act of March 2, 1901 (31 Stat. L., 903), to the 10 per cent increase thereby allowed to all officers * * * serving beyond the limits of the States comprising the Union and the territories of the United States contiguous thereto.” It is not shown that the officers-in the Revenue-Cutter Service perform any duties now different from what they did prior to the passage of that act.
This question in respect of the right of naval officers to recover the increase of 10 per cent while performing sea service, under a like statute fixing their pay and allowances,, was considered in the case of United States v. Thomas (195 U. S., 418), reversing this court on that point (38 C. Cls. R., 413), and the court ruled against the claimant’s right to recover on the ground that it was “ the natural and normal *410 duty of navy officers to engage in sea service, cruise in foreign waters, and lie up in foreign ports.” That it was never the intention of the Congress, says the court, “ to disable itself from awarding to a particular class of army officers an increase of pay for exceptional services without thereby increasing the pay of navy officers, whose lives are largely passed in performing like services.”
Is that ruling applicable to an officer in the Revenue-Cutter Service? By the act of July 27,1868 (15 Stat. L., 246), now in part Revised Statutes, section 1954, respecting the unorganized territory of Alaska, “ The laws of the United States relating to customs, commerce, and navigation ” were extended to and over all the mainland, islands, and waters of the territory ceded to the United States by the Emperor of Russia by the treaty of March 30, 1867. But it is contended that the duties of officers of the Revenue-Cutter Service are defined by Revised Statutes, sections 2760 and 2761, confining their ordinary or normal duties to the United States and territories contiguous thereto, and that therefore when ordered to Alaska such service is exceptional within the decision in the Thomas case and entitles such officers to the 10 per cent increase.
But we think the sufficient answer to this contention is that by Revised Statutes, section 2762, such officers may, in addition to the duties therein prescribed, be required to perform “ such other duties for the collection and security of the revenue as from time to time shall be directed by the Secretary of the Treasury, not contrary to law.”
The Revenue-Cutter Service implies, in the main, service on the Avater, and therefore it may be said to be the normal duty of the officers in that sendee.
“ The intention of Congress,” says the court in the Thomas case, “ was evidently to put officers of the Army and Navy on the same footing with respect to their general pay, and to make the act prospective in its application to future legislation, so that if Congress should thereafter raise the general pay of army officers as fixed by Revised Statutes, section 1261, a like increase should apply to navy officers. It does not, however, follow that Congress may not'increase the pay *411 of arnw officers for services in particular places or under special circumstances, without thereby intending that the same increase shall apply to naval officers performing the same service under like circumstances.” That ruling is equally applicable to officers in the Revenue-Cutter Service.
Our attention has not been called tc any appropriation, nor are we aware of any that has been made, to pay the additional 10 per cent to officers of the Revenue-Cutter Service, and this, as mentioned in the Tliomas case, may be regarded as significant in that the Congress did not deem such officers entitled to the extra pay.
That the service of such officers serving in Alaska and in Alaskan waters is more expensive and attended with more hardships, there can be no doubt, but we are unable to see any distinction between this and the Thomas case respecting naval officers, and the claimant’s petition must therefore be dismissed.